

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

TRAVIS RESMONDO,

        Plaintiff,

vs.                           Case No. 2013 CA 005111 000000

NEW HAMPSHIRE INSURANCE
COMPANY,

        Defendant.
_____/

## COMPLAINT

Travis Resmondo, Plaintiff, as and for his complaint against New Hampshire Insurance Company, Defendant, in a civil cause alleges as follows:

1. This is a civil action for insurance contract benefits and concerns the Parties dispute over matters of insurance coverage, the subject matter of which involves an amount in controversy exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

2. At all times material hereto, Travis Resmondo (hereinafter "Resmondo") was an individual residing in Winter Haven, Polk County, Florida.

3. Upon information and belief, at all times material hereto, New Hampshire Insurance Company (hereinafter "New Hampshire") was a corporation and/or business entity organized and existing under the laws of a State other than Florida, and was engaged in the business of issuing commercial marine liability and bumpershoot insurance policies in Florida to insureds located/residing in Florida.

4. At all times material hereto, Thunder Marine Inc. (hereinafter "Thunder Marine") was a corporation organized and existing under the laws of the State of Florida, had its principal

place of business in St. Petersburg, Pinellas County, Florida and was engaged in the business of a yacht dealer selling recreational vessels to individuals in the State of Florida.

5. Thunder Marine was a named insured under a commercial marine liability policy, Policy Number CML 690-91-11 subscribed to and issued by New Hampshire.

6. Thunder Marine was a named insured under a bumpershoot policy, Policy Number UL 494-08-42 subscribed to and issued by New Hampshire.

7. This action has been brought in the proper venue in that Resmondo, at all times material hereto, has been a resident of Polk County, and New Hampshire, at all times material hereto, has been a non-resident of the State of Florida.

## COUNT I – CLAIMS UNDER COMMERICAL MARINE LIABILITY POLICY

8. On or about May 20, 2010, Resmondo filed a civil action in the Pinellas County Circuit Court (hereinafter "the Pinellas County Civil action"), against Thunder Marine, and others, alleging causes of action against Thunder Marine for breach of contract, revocation of acceptance, recision, and negligent misrepresentation with respect to Resmondo's purchase of a 40' Baja Vessel from Thunder Marine in April 2007. A true and correct copy of Resmondo's Complaint, the return of service of process on Thunder Marine, Inc., and the First Amended Complaint, are attached hereto as Exhibits "A", "B" and "C" respectively.

9. Prior to the date on which Resmondo purchased the 40' Baja Vessel from Thunder Marine, April 6, 2007, and the date the vessel was delivered by Thunder Marine to Resmondo and sustained a catastrophic failure of the vessel's port stern drive unit, April 28, 2007, New Hampshire had issued to Thunder Marine a policy of Commercial Marine Liability insurance, Policy Number CML 690-91-11, with dates of coverage between November 20, 2006

and November 20, 2007. A true and correct copy of the Commercial Marine Liability Policy is attached hereto as Exhibit "D".

10. The policy of Commercial Marine Liability Insurance issued by New Hampshire to Thunder Marine was in force during the time period the 40' Baja vessel was in the possession, custody and control of Thunder Marine prior to its purchase by Resmondo, and in April 2007, during which the vessel was purchased by Resmondo, delivered by Thunder Marine to Resmondo, and sustained the catastrophic failure to the port stern drive unit.

11. Under the provisions of the Commercial Marine Liability Policy, New Hampshire agreed to the following, among other terms and conditions:

1. <u>Insuring Agreement</u>

   a. The Company will pay those sums that the Assured becomes legally obligated to pay as damages because of . . . 'property damage' to which this Insurance applies. The Company will have the right and duty to defend the Assured against any 'suit' seeking those damages. However, the Company will have no duty to defend the Assured against any 'suit" seeking damages for . . . property damage to which this Insurance does not apply. . . .

   b. This insurance applies to . . . 'property damage' only if:

      1. The . . . 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory'; and

      2. The . . . 'property damage' occurs during the policy period.

. . .

12. On September 7, 2012, a Final Judgment was entered by the Court in the Pinellas County Civil Action in favor of Resmondo and against Thunder Marine in the amount of $208,759.94. A true and correct copy of the Final Judgment is attached hereto as Exhibit "E".

13. The damages awarded to Resmondo as detailed in the Final Judgment entered in the Pinellas County Civil Action fall within the coverage of the commercial marine liability policy of insurance issued by New Hampshire to Thunder Marine.

14. Resmondo's Final Judgment against Thunder Marine has become final.

15. More than thirty (30) days has elapsed since the rendition and entry of the Final Judgment in the Pinellas County civil action. Although Resmondo has made due demand on Thunder Marine and New Hampshire for payment, the said Final Judgment remains unpaid.

WHEREFORE, Travis Resmondo hereby requests entry of judgment against New Hampshire Insurance Company subscribing to Policy No. CML690-91-11 in the amount of $208,759.94, together with costs of this suit, post-judgment interest, attorneys' fees and for such other and further relief this Court deems just in the premises.

## COUNT II – CLAIMS UNDER BUMPERSHOOT POLICY

16. Resmondo reaffirms and realleges the allegations contained in paragraphs 1 through 15 above as fully as if set out herein.

17. Prior to the date on which Resmondo purchased the 40' Baja vessel from Thunder Marine, April 6, 2007, and the date the vessel was delivered by Thunder Marine to Resmondo and sustained a catastrophic failure of the vessel's port stern drive unit, April 28, 2007, New Hampshire had issued to Thunder Marine a bumpershoot policy, Policy Number UL 494-08-42, with dates of coverage between November 20, 2006 and November 20, 2007. A true and correct copy of the bumpershoot policy is attached hereto as Exhibit "F".

18. The bumpershoot policy issued by New Hampshire to Thunder Marine was in force during the time period the 40' Baja vessel was in the possession, custody and control of Thunder Marine prior to its purchase by Resmondo, and in April 2007, during which the vessel

was purchased by Resmondo, delivered by Thunder Marine to Resmondo, and sustained a catastrophic failure to the port stern drive unit.

19. Under the provisions of the bumpershoot policy, New Hampshire agreed to the following, among other terms and conditions:

Insuring Agreement

I. Coverage

This policy is to indemnify the Assured in respect of the following (including such expenses as are set out in the definition of "ultimate loss":

a. All protection and indemnity risks of whatsoever nature including, but not limited to, those covered by the underlying Protection and Indemnity Insurance or which are absolutely or conditionally undertaken by the United Kingdom Mutual Steam Ship Assurance Association, Ltd.

b. General average, collision liabilities, salvage, salvage charges and sue and labor arising from any cause whatsoever.

c. All other sums which the Assured shall become legally liable to pay or by contract or agreement become liable to pay in respect of claims made against the Assured for damages of whatsoever nature, on account of:

i. . . . ;

ii. Property damage,

caused by or arising out of each occurrence happening anywhere in the world. . . .

II. Limit Of Liability – Underlying Limits

We shall only be liable for the excess of either:

a. The amount(s) of the limit(s) set out in the underlying insurance identified in the attached schedule (with respect to general average, collision liabilities, tower's liabilities, salvage, salvage charges, sue and labor expenses and protection and indemnity, the sum(s) of said expenses and

5

    liabilities actually insured under the underlying policies shall be deemed the amount(s) of the limit(s) of said underlying policies); or

  b. Ten Thousand Dollars ($10,000.00). Ultimate net loss in respect of each occurrence not covered by said underlying insurance (all hereinafter called the "underlying limits") and then only to a further One Million Dollars ($1,000,000.00). Ultimate net loss in respect of each occurrence and in the aggregate where applicable.

  c. . . .

20. On September 7, 2012, a Final Judgment was entered by the Court in the Pinellas County civil action in favor of Resmondo and against Thunder Marine in the amount of $208,759.94. A true and correct copy of the Final Judgment is attached hereto as Exhibit "E".

21. To the extent that the damages awarded to Resmondo as detailed in the Final Judgment entered in the Pinellas County civil action are not covered by the New Hampshire commercial marine liability policy, such damages fall within the coverage of the bumpershoot policy of insurance issued by New Hampshire to Thunder Marine.

22. Resmondo's Final Judgment against Thunder Marine has become final.

23. More than thirty (30) days has elapsed since the rendition and entry of the Final Judgment in the Pinellas County civil action. Although Resmondo has made due demand on Thunder Marine and New Hampshire for payment, the said Final Judgment remains unpaid.

WHEREFORE, Travis Resmondo hereby requests entry of judgment against New Hampshire Insurance Company subscribing to Policy Number UL 494-08-42 in the amount of $208,759.94, together with costs of this suit, post-judgment interest, attorneys' fees and for such other and further relief this Court deems just in the premises.

## JURY DEMAND

Resmondo hereby demands trial by jury on all issues so triable.

Dated: September 27, 2013.

*[signature]*

David F. Pope – FBN: 164452
Eric C. Thiel – FBN: 016267
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, FL 33602
Telephone: (813) 221-1500
Facsimile: (813) 222-3066
dpope@bankerlopez.com
ethiel@bankerlopez.com

Attorneys for Plaintiff, Travis Resmondo