## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TRAVIS RESMONDO,

      Plaintiff,

v.                                Case No: 8:13-cv-2907-T-30EAJ

NEW HAMPSHIRE INSURANCE
COMPANY,

      Defendant.

_____

### ORDER

THIS CAUSE comes before the Court upon the Defendant's Motion to Strike Plaintiff's Claims for Attorney's Fees (Dkt. #9) and Plaintiff's Response to the Motion (Dkt. #11). Upon review and consideration, the Court concludes that the Motion should be granted.

Plaintiff Travis Resmondo brings this action against Defendant New Hampshire Insurance Company (the "Insurer") pursuant to Florida's non-joinder statute, Fla. Stat. § 627.4136. Plaintiff demands payment from the Insurer in the amount of a final judgment he recovered from Thunder Marine, Inc. an insured under two policies, a Commercial Marine Liability Policy and a Bumpershoot Policy. In Count I and II of the complaint, Plaintiff requests attorney's fees. The Insurer moves to strike the Plaintiff's claims for attorney's fees arguing that the Plaintiff fails to allege any statutory or contractual basis which entitles it to recover attorney's fees. Further, the only possible statutory basis would

be under Florida Statutes § 627.428, which allows a named insured, omnibus insured, named beneficiary or an express assignee of insured's contractual rights to recover attorney's fees.

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "[m]otions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered 'time wasters', and will usually be denied unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Italiano v. Jones Chemicals, Inc.,* 908 F. Supp. 904, 907 (M.D. Fla. 1995). Nonetheless, under Florida law, a court may grant a motion to strike a demand for attorney's fees, where the Plaintiff fails to plead a contractual or statutory basis or none exists. *See id.*; *City of Winter Garden v. State ex rel. Wood*, 311 So. 2d 396 (Fla. 4th DCA 1975) (reversing lower court's denial of motion to strike attorney's fees.)

Plaintiff did not plead any basis for its demand for attorney's fees in the *ad damnum* clause of Counts I and II. However, he argues in his Response in Opposition to the Motion that he is entitled to attorney's fees under Fla. Stat. § 627.428 as an omnibus insured. An omnibus insured under the statute is defined as "one who is covered by a provision in the policy but not specifically named or designated." *Cont'l Cas. Co. v. Ryan Inc. E.*, 974 So. 2d 368, 374 (Fla. 2008). *See also Industrial Fire & Cas. Ins. Co. v. Prygrocki,* 422 So. 2d 314, 315 (Fla. 1982) (holding that a pedestrian was an omnibus insured under a liability policy providing coverage for medical and other expenses incurred as a result of bodily

injuries sustained by "a pedestrian, through being struck by the insured motor vehicle"); *State Farm Fire & Cas. Co. v. Kambara*, 667 So. 2d 831, 831–32 (Fla. 4th DCA 1996) (holding that a resident was an omnibus insured under a landlord's liability policy that provided coverage for "bodily injury caused by an accident on your premises you own or rent").  Further, "the rights of an 'omnibus insured' flow directly from his or her status under a clause of the insurance policy without regard to the issue of liability." *Cont'l Cas. Co.,* 974 So. 2d at 374 *(citing Kambara*, 667 So. 2d at 833).

The *Kambara* court reasoned that, "[b]ecause the medical payments in this case are to be paid directly to a party injured on the premises of the named insured, without regard to the named insured's liability, we believe that a medical payments claimant can be defined as an insured under the policy to whom benefits flow directly under the terms of the policy," and, accordingly, found that such an individual would be entitled to attorney's fees under Section 627.428(1). *Kambara*, 667 So. 2d at 833–34 (internal quotations omitted).

In this case, Plaintiff has not established that he is an omnibus insured since he had to first establish Thunder Marine's liability prior to claiming benefits under the policies. *See id.* (distinguishing between an omnibus insured with a first party claim against insurer and a third party beneficiary). Although a party can be both an omnibus insured and a third party beneficiary, *see id*., Plaintiff must point to a specific provision in the policy that allows him to receive direct benefits from the insurer without respect to liability, which he has failed to do.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion to Strike Plaintiff's Claims for Attorney's Fees (Dkt. #9) is GRANTED.

**DONE** and **ORDERED** in Tampa, Florida, this 31st day of December, 2013.

 

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2907 strike 9.docx