UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRAVIS RESMONDO,

    Plaintiff,

v.                                                Case No: 8:13-cv-2907-T-30EAJ

NEW HAMPSHIRE INSURANCE
COMPANY,

    Defendant.

## **ORDER**

THIS CAUSE comes before the Court upon the Defendant's Motion for Reconsideration of Court Order Denying Defendant's Motion for Final Summary Judgment in Part, with Incorporated Memorandum of Law (Dkt. #24) and Plaintiff's Response in Opposition to the Motion (Dkt. #28). Upon review and consideration, it is the Court's conclusion that the Motion should be granted.

*Background*

Plaintiff, Travis Resmondo, brings this action against Defendant, New Hampshire Insurance Company ("New Hampshire") under two liability policies (collectively the "Policies"). Resmondo attempts to collect a $208,759.94 judgment that was entered against New Hampshire's insured, Thunder Marine, on September 7, 2012. New Hampshire moved for summary judgment arguing that Resmondo's claim for insurance coverage was barred under the late notice provision of the Policies.

This Court entered an order denying New Hampshire's summary judgment motion. The Court held that although Resmondo did not have a claim under the Policies based on his defective product causes of action, Resmondo's insurance claim nonetheless survived summary judgment. Specifically, the Court identified an alternate theory of liability based on whether Thunder Marine's alleged failure to obtain a Sea Tow Membership for Resmondo contributed to the sinking and loss of the boat. *See* Dkt. #23.

New Hampshire argues that this Court erred in its ruling because: (1) the undisputed fact that it received late notice of Resmondo's claim creates a presumption of prejudice as a matter of law which Resmondo must rebut; (2) the Court raised the alternate theory of causation *sua sponte;* Resmondo did not make this argument in opposition to the Motion or in any other pleading in this case; and (3) the Court incorrectly placed the burden of proof on New Hampshire regarding prejudice; Florida law places the burden on the insured or third party beneficiary to rebut the presumption of prejudice.

*Discussion*

Motions for reconsideration of orders are permitted when there is "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.,* 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) *aff'd sub nom. Tristar Lodging, Inc. v. Arch Specialty Ins. Co.,* 215 Fed. App'x. 879 (11th Cir. 2007).  A motion for reconsideration must demonstrate why the Court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* A motion for reconsideration cannot be used to re-litigate old matters, raise

2

arguments, or present evidence that could have been raised prior to the entry of the Order. *See Parker v. Midland Credit Management, Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). "The decision to alter or amend a judgment is an 'extraordinary remedy.'" *Tristar Lodging, Inc*. 434 F. Supp. 2d at 1301.

New Hampshire argues that there has been an intervening change in controlling law. The Eleventh Circuit decided two cases which deal with the precise issue of prejudice to the insurer due to late notice of a claim after entry of this Court's order denying summary judgment. In *Gemini II Ltd v. Mesa Underwriters Specialty Ins. Co*., ⸺ F. App'x ⸺, 2014 WL 6465994, at *4 (11th Cir. Nov. 19, 2014) (per curiam), the Eleventh Circuit affirmed the district court's grant of summary judgment in favor of the insurer due to the presumed prejudice created by the insured's late notice. The insured was a subcontractor that installed a paint coating system on a vessel. The purchaser of the vessel, Gemini II, Ltd., claimed that the paint coating was defective and caused the paint to dislodge. Gemini II, Ltd. obtained a default final judgment worth 2.8 million and sought to recover it against the insurer. The insured notified the insurer seven months after entry of the judgment which was one year after it first received notice of the claim. The insurer denied coverage based on the policy's late notice provision and policy exclusions.

The Eleventh Circuit, applying Florida law, affirmed the summary judgment and held that "an insurer is entitled to timely notice [so that it can have an] opportunity to make an early evaluation of its risks and decide how to proceed." *Id*. at *4. Gemini II, Ltd. had not overcome the presumption of prejudice based on the undisputed fact that the notice was

3

untimely. *See also Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 13-12486, 2015 WL 106862, at *3 (11th Cir. Jan. 8, 2015) (holding, as a matter of law, that notice to the insurer was untimely where insured waited four years to notify the insurer of its claim and there were no factual disputes; no reasonable jury could draw a different inference. Therefore, prejudice is presumed and it is insured's burden to rebut prejudice).

New Hampshire argues that the facts in this case are strikingly similar to that of *Gemini II, Ltd.* Therefore this Court must reconsider its Order in light of its holding. The Court agrees. It is undisputed that Thunder Marine did not provide notice to New Hampshire. New Hampshire received notice of the claim when it received an Acord General Liability Notice of Occurrence on July 16, 2013, which was more than ten months after entry of the default final judgment, more than three years after Thunder Marine received the lawsuit, and more than six years after Resmondo first made his claim to Thunder Marine. Even under the alternate theory identified by the Court, prejudice to New Hampshire is presumed. Therefore, Resmondo had the burden to rebut the presumption of prejudice to New Hampshire. He did not do so at summary judgment, nor in his Response in Opposition to this Motion. Therefore, the Court concludes that New Hampshire is entitled to summary judgment in its favor.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Reconsideration of Court Order Denying Defendant's Motion for Final Summary Judgment in Part, with Incorporated Memorandum of Law (Dkt. #24) is GRANTED.

2. The Court's Order Denying Defendant's Motion for Final Summary Judgment (Dkt. #23) is VACATED.

3. Defendant, New Hampshire Insurance Company's Motion for Summary Judgment (Dkt. #17) is GRANTED.

4. All pending motions are denied as moot.

5. The Clerk of Court shall enter judgment in favor of Defendant New Hampshire Insurance Company and against Plaintiff Travis Resmondo and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of February, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2907 reconsideration 28.docx